UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LINDBLAD, | No. 2:22-cv-1424-TLN-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| LUNNY, et al., | |
| Defendants. | |

Proceeding without counsel, plaintiff filed a complaint and a motion to proceed in forma pauperis on August 10, 2022. (ECF Nos. 1, 2.) This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Because venue does not lie in this district, this action will be transferred to the United States District Court for the Northern District of California.

If a court determines the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Relatedly, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Here, the named defendants are Officer Lunny of the San Mateo County Sheriff's Office and the County of San Mateo. Thus, defendants are in San Mateo County, California, which is in the Northern District of California.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

For the purposes of 28 U.S.C. § 1391(b)(1), an entity defendant is a resident of "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Federal courts generally follow state law to determine the appropriate bounds of personal jurisdiction. Walden v. Fiore, 571 U.S. 277, 283 (2014). A federal court sitting in California "may exercise jurisdiction on any basis not inconsistent with the Constitution of [California] or of the United States." See Cal. Civ. Proc. Code § 410.10.

The Due Process Clause of the Fourteenth Amendment limits a court's ability to exercise personal jurisdiction over nonresident defendants. World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have certain minimum contacts... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Walden, 571 U.S. at 283 (internal citations and quotation marks omitted).

As set forth, neither of the defendants are residents of this district for the purpose of determining venue. In addition, the complaint's allegations do not establish that "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. § 1391(b)(2). Although plaintiff states he "believes he cannot obtain a lawsuit at the site of the incident in San Mateo County[,]" (ECF No. 1 at 1), this allegation fails to establish venue in the

Eastern District of California.

Under 28 U.S.C. § 1406(a), a district court may "transfer a case brought in the wrong division or district" if it is "in the interest of justice" to do so. If a district court, in its discretion, denies such a transfer, then the court must dismiss the suit. 28 U.S.C. § 1406(a).

Here, as set forth, the defendants are in the Northern District of California. In addition, a substantial portion of the events giving rise to the complaint occurred in the Cities of Millbrae and Burlingame, within the Northern District of California, with other events alleged to have occurred in the State of Colorado. (See generally, ECF No. 1 at 4, 6, 16.) Even if venue could lie in this district, the court finds that in the interest of justice, the Northern District of California is a more appropriate venue because a substantial part of the events giving rise to the claim took place within that forum. See 28 U.S.C. § 1404(a).

Therefore, the court transfers this action to the Northern District of California pursuant to 28 U.S.C. § 1406(a) or, in the alternative, 28 U.S.C. § 1404(a). In transferring this action, this court expresses no opinion regarding the merits of plaintiff's claims.

**III. Conclusion and Order**

In accordance with the above, IT IS HEREBY ORDERED that:

1. The action, including the pending motion to proceed in forma pauperis, is TRANSFERRED to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1406(a) or, in the alternative, 28 U.S.C. § 1404(a).

2. The Clerk of Court shall close this case.[1]

Dated: August 16, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Lindblad22cv1424.ven

---

[1] Plaintiff is instructed to direct any filings or inquiries related to this case to the United States District Court for the Northern District of California. Further filings in the Eastern District of California related to this case will be disregarded.